UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMBER REINECK HOUSE, COURTNEY ATSALAKIS, and FAIR HOUSING CENTER OF SOUTHEAST & MID MICHIGAN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOWELL, MICHIGAN, NICK PROCTOR, individually and in his official capacity as Mayor of the City of Howell, Michigan, and TIM SCHMITT, individually and in his official capacity as Community Development Director of the City of Howell, Michigan, <br><br> Defendants. | Case No. 2:20-cv-10203-PDB-RSW <br> Judge Paul D. Borman |

**PLAINTIFFS' RULE 37 MOTION TO COMPEL
DEFENDANTS' INSURANCE DOCUMENTS**

Plaintiffs Amber Reineck House, Courtney Atsalakis, and Fair Housing Center of Southeast & Mid Michigan (collectively "Plaintiffs") hereby move to compel the production of insurance documents from Defendant the City of Howell pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv). Defendants have not produced insurance documentation in this case, despite the clear mandate of Rule 26(a)(1)(A)(iv) and a specific Rule 34 document request from Plaintiffs. Counsel for Plaintiffs and Defendants (collectively, the "Parties) met and conferred regarding this issue in good faith, both telephonically and in writing, but have been unable to

1

reach agreement. Defendants ground their refusal to produce insurance documents in a single case determining that the Michigan Municipal Risk Management Authority ("MMRMA"), a self-insurance pool, is not an "insurance business" for purposes of Initial Disclosures under Rule 26(a)(1)(A)(iv). But even accepting this analysis, which no other court in this district has applied, courts have ordered production of MMRMA information in response to document requests, like the one Plaintiffs issued here. And it is axiomatic that the bounds of Rule 26(a) Initial Disclosures do not determine the overall scope of discoverability. Defendants have offered no rejoinder to the fact that the MMRMA insurance documents are critical for case appraisal and settlement negotiations, and thus are relevant to this action. Plaintiffs accordingly ask the Court to order the City of Howell to produce the MMRMA insurance documents as requested under Rule 34.

# PLAINTIFFS' BRIEF IN SUPPORT OF RULE 37 TO COMPEL DEFENDANTS' INSURANCE DOCUMENTS

## Background

In their initial disclosures, Defendants Nick Proctor, Tim Schmitt, and the City of Howell stated that "Defendant City of Howell is a member of the [MMRMA], a municipal group self-insurance pool." *See* Ex. A, Defendants' Initial Disclosures, at 7. However, Defendants refused to provide details about, or documents related to, the City of Howell's MMRMA coverage on the ground that "[t]he Authority is not an insurer or insurance company and does not constitute an insurance business." *Id.* Given the importance of insurance documents to understanding Defendants' ability to pay a judgment in this case and to evaluating settlement possibilities, Plaintiffs then issued a targeted document request pursuant to Rule 34, seeking "documents related to any insurance policies or coverage maintained by Defendants . . . including but not limited to self-insurance related to the [MMRMA]." *See* Ex. B, Defendants' Response to Plaintiffs' Request for Production ("RFP"), at Request No. 33. Defendants again refused to provide the MMRMA insurance documents, this time on the grounds that such documents are "not relevant to the claims or defenses of this litigation, and are not within the scope of materials that the Federal Rules of Civil Procedure require[] to be disclosed in the context of the parties' Initial Disclosures." *Id.*

The Parties met and conferred about Defendants' insurance documents telephonically and in writing. During these exchanges, counsel for Plaintiffs clarified that they sought the MMRMA documents specifically and noted the documents' relevance to any future settlement negotiations. *See* Ex. C, Declaration of L. Miller at ¶ 6. Defendants maintained their position that the MMRMA documents fall outside the scope of Rule 26(a)(1)(A)(iv), are not relevant to this action, and need not be produced either as part of Defendants' Rule 26(a) Initial Disclosures or

3

in response to Plaintiffs' RFP No. 33. *Id.* at ¶ 7. Defendants neither asserted that the MMRMA coverage is inapplicable to Plaintiffs' claims nor provided any other explanation as to why a self-insurance policy that may be liable for Plaintiffs' claims is not relevant. *Id.* at ¶ 6. Because Defendants refuse to provide any MMRMA insurance documentation whatsoever, Plaintiffs seek court intervention.[1]

**Legal Standard**

"Rule 26 authorizes a broad scope of discovery, provided the material sought has some probative value in proving or disproving a claim or defense." *Counts v. General Motors LLC*, 2019 WL 5328698, at *2 (E.D. Mich. Oct. 21, 2019) (citation and internal quotation marks omitted). The federal rules expressly provide for discovery "regarding *any* nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Rule 37 concerns a party's failure to make a disclosure or to cooperate in discovery. The Rule allows a party to "move for an order compelling disclosure or discovery" generally, and also specifically allows a party to compel disclosure by another party who has failed "to produce documents . . . as requested under Rule 34." *Id.*

---

[1] During the Parties' telephonic meet-and-confer counsel for the Parties determined that this issue could not be resolved without Court intervention and that Defendants would oppose a motion by Plaintiffs to obtain MMRMA documents. Ex. C at ¶¶ 7-8.

4

**Argument**

Documents regarding the City of Howell's MMRMA insurance coverage are relevant and should be produced in response to Plaintiffs' specific request for production under Rule 34. As a threshold matter, courts in this jurisdiction have expressly rejected municipal defendants' efforts to withhold MMRMA insurance documentation and have ordered the production of such materials. In *Cessante v. City of Pontiac*, No. 07-CV-15250, 2009 WL 973339, at *4 (E.D. Mich. Apr. 9, 2009), the court evaluated a document request from the plaintiff specifically targeting the municipal defendant's MMRMA materials, much like Plaintiffs' RFP No. 33. The municipal defendant had already produced some insurance documentation, including a declaration sheet, and objected to the document request on relevance grounds. *Id.* The court found "that the requests for (a) the master agreement, (b) umbrella and/or excess insurance policies, (d) reservation of rights and (g) indemnification policies and documents are relevant" and ordered "Defendants to produce all responsive documents including the agreement or documents under which they have coverage by MMRMA." *Id.* The same materials should be produced here, where Defendants have yet to produce *any* documentation of the City of Howell's MMRMA coverage.

And although Plaintiffs' seek to compel a response to their Rule 34 document request, Defendants' assertion that insurance information is irrelevant simply cannot be squared with the policy rationale animating the automatic disclosure of insurance documents under Rule 26(a)(1)(A)(iv). When the federal rules were first amended to include disclosure of insurance coverage in 1970, the Advisory Committee explained that such information "will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." The same logic applies with equal force to

a document request for insurance information under Rule 34. Yet Plaintiffs remain entirely in the dark regarding the extent and implications of Defendants' insurance coverage, which could affect case valuation and future settlement negotiations. Production of the MMRMA documentation will thus avert "prejudice" or "surprise" that can result from withholding insurance information. *See Walker v. Eagle Press & Equipment Co., Ltd.*, 2007 WL 907268, at *8 (E.D. Mich. Mar. 23, 2007) (noting that late disclosure of insurance information "may have prejudiced Plaintiff's bargaining position during settlement negotiations").[2] Moreover, documentation of Defendants' insurance coverage is direct evidence of their "resources," one of the relevance considerations expressly enumerated in Rule 26(b)(1). In other words, the MMRMA materials are necessary to understand whether the City of Howell has sufficient resources to devote to discovery in this case, and to pay a monetary judgment, fees, and costs. Because the MMRMA insurance coverage may be liable for Plaintiffs' claims, it is relevant and should be produced.

Indeed, even publicly-available information demonstrates the relevance of the City of Howell's MMRMA coverage. The MMRMA website specifically identifies "Zoning/Land Use disputes" as one of the "casualty"-type scenarios for which the MMRMA provides "the broadest municipal liability and property coverage and the highest loss limits[.]" *See Coverage,* Michigan Municipal Risk Management Authority https://www.mmrma.org/about-mmrma/coverages.php (last visited Jan. 21, 2020). Media coverage likewise indicates that the MMRMA participates in civil rights settlements, including even post-settlement remediation. *See, e.g.*, *$3.75 Mil*

---

[2] This is true irrespective of whether there exists a dispute as to the MMRMA's applicability to Plaintiffs' claims—courts have noted the utility of insurance information even if coverage is disputed or may not be triggered. *See N.T. by and through Nelson v. Children's Hospital Med. Ctr.*, 2017 WL 5953432, at *2 (S.D. Ohio June 30, 2017) (collecting cases that order production or disclosure of any insurance policy that "may" be liable, including excess and umbrella policies).

*Settlement for Family of Man Who Died in MI Jail*, Jail Death and Injury Law (Aug. 25, 2019), https://www.jaildeathandinjurylaw.com/blog/101/michigan-jail-lawsuits/ (discussing how MMRMA covered $3.5 million of a $3.75 million settlement); Rosemary K. Otzman, *VBT Clerk Wright comments on law suit, $650,000 settlement*, Belleville Area Independent (Nov. 19, 2015), http://bellevilleareaindependent.com/vbt-clerk-wright-comments-on-law-suit-650000-settlement/ (discussing MMRMA's participation in a $650,000 settlement in a civil rights settlement, including MMRMA's requirement that municipal employees submit best practices initiatives).

In response to Plaintiffs' specific document request for the MMRMA insurance documents, Defendants have not asserted privilege, burden, or any other justifiable reason for their wholesale refusal to provide responsive documents. Instead, Defendants have maintained that MMRMA documents fall outside of Rule 26(a)(1)(A)(iv) and are not relevant. *See* Ex. B at Request No. 33; Ex. C at ¶ 7. But even if that were correct – and it is not – Rule 26(a)(1)(A)(iv) does not govern the scope of discovery as a whole, and thus does not excuse Defendants' complete refusal to provide documents in response to a request duly propounded under Rule 34. And Defendants' boilerplate relevance objection is unpersuasive given that Defendants do not dispute that the City's MMRMA coverage may be applicable.

Defendants have also erroneously invoked *Reynolds v. Addis*, No. 18-13669, 2019 WL 8106142 (E.D. Mich. Oct. 23, 2019), for the sweeping proposition that MMRMA materials are simply not discoverable. In *Reynolds*, however, the court primarily analyzed the interaction between a Michigan statute and an Advisory Committee note to Rule 26(a)(1)(A)(iv) to determine that MMRMA coverage, as a form of self-insurance, does not constitute an "insurance business" for purposes of initial disclosures. 2019 WL 8106142 at *6. The court also noted that the plaintiff had not otherwise demonstrated relevance. *Id.* At most, *Reynolds* indicates that a

single court has concluded that MMRMA documents need not be produced automatically under Rule 26(a)(1)(A)(iv). But no other courts have relied on *Reynolds* to deny MMRMA documents under either Rule 26 or Rule 34, and it certainly cannot be read to conclusively resolve the relevance and discoverability of MMRMA in all municipal litigation. Nor does a bare citation to *Reynolds* overcome the specific relevance arguments that Plaintiffs have raised here. In other words, Defendants have not provided any details to support their hollow assertion of irrelevance, and certainly nothing that would displace the above-described indicia that the City's MMRMA coverage will bear on the resolution of this case.

## Conclusion

Courts in this district have specifically ordered the production of MMRMA documents in response to document requests like Plaintiffs' RFP No. 33 because these highly relevant insurance materials have direct implications on case appraisal and settlement prospects. Defendants have not provided a meritorious reason for withholding all MMRMA insurance materials in response to Plaintiffs' document requests. For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel and order Defendants to produce the MMRMA insurance documents for the City of Howell.

Dated: January 28, 2021

                                                Respectfully Submitted,

                                                /s/ Lila Miller
                                                Lila Miller
                                                Sara Pratt
                                                Glenn Schlactus
                                                RELMAN COLFAX PLLC
                                                1225 19th Street, NW, Suite 600
                                                Washington, DC 20036
                                                (202) 728-1888 (phone)

(202) 728-0848 (fax)
lmiller@relmanlaw.com
spratt@relmanlaw.com
gschlactus@relmanlaw.com

Stephen M. Dane
DANE LAW LLC
312 Louisiana Ave.
Perrysburg, OH 43551
(419) 873-1814
sdane@fairhousinglaw.com

Robin B. Wagner
PITT MCGEHEE PALMER & RIVERS PC
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800 (phone)
248-268-7996 (fax)
rwagner@pittlawpc.com

*Attorneys for Plaintiffs*