UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER REINECK HOUSE,
COURTNEY ATSALAKIS, and
FAIR HOUSING CENTER OF
SOUTHEAST & MID MICHIGAN, INC.

             Case No. 5:20-cv-10203
    Plaintiff,      Hon. Paul D. Borman
             Magistrate Judge R. Steven Whalen

-v-

CITY OF HOWELL, MICHIGAN,
NICK PROCTOR, individually and n
his official capacity as Mayor of the
City of Howell, Michigan, and
TIM SCHMITT, individually and in his
official capacity as Community Development
Director of the City of Howell, Michigan,

    Defendants.

| RELMAN COLFAX PLLC | PITT McGEHEE PALMER & RIVERS PC |
|---|---|
| Joseph J. Wardenski | Robin B. Wagner |
| Sara Pratt | Attorney for Plaintiff |
| Attorney for Plaintiff | 117 West Fourth Street, Suite 200 |
| 1225 19th Street, NW, Suite 600 | Royal Oak, MI 48067 |
| Washington, DC 20036 | (248) 398-9800/(248) 268-7996 |
| (202) 728-728-1888/(202) 728-0848 – fax | rwagner@pittlawpc.com |
| jwardenski@relmanlaw.com | |
| spratt@relmanlaw.com | ROSATI SCHULTZ JOPPICH |
| | & AMTSBUECHLER, PC |
| DANE LAW PLLC | MATTHEW J. ZALEWSKI (P72207) |
| Stephen M. Dane | MELANIE M. HESANO (P82519) |
| Attorney for Plaintiff | Attorney for Defendants |
| 312 Louisiana Ave | 27555 Executive Drive, Suite 250 |
| Perrysburg, OH 43551 | Farmington Hills, MI 48331-3550 |
| (419) 873-1814 | (248) 489-4100 |
| sdane@fairhousinglaw.com | mzalewski@rsjalaw.com |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**
**DEFENDANTS' INSURANCE DOCUMENTS**

1

Defendants, CITY OF HOWELL, NICK PROCTOR, AND TIM SCHMITT, through their attorneys, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER PC respond in opposition to Plaintiffs' Motion to Compel Defendants' Insurance Documents for the reasons stated in the attached Brief in Support.

Respectfully Submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/ Melanie M. Hesano
Melanie M. Hesano (P82519)
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3550
(248) 489-4100
mhesano@rsjalaw.com

Dated: February 11, 2021

AMBER REINECK HOUSE,
COURTNEY ATSALAKIS, and
FAIR HOUSING CENTER OF
SOUTHEAST & MID MICHIGAN, INC.

                                                      Case No. 5:20-cv-10203
                Plaintiff,           Hon. Paul D. Borman
                                                      Magistrate Judge R. Steven Whalen

-v-

CITY OF HOWELL, MICHIGAN,
NICK PROCTOR, individually and n
his official capacity as Mayor of the
City of Howell, Michigan, and
TIM SCHMITT, individually and in his
official capacity as Community Development
Director of the City of Howell, Michigan,

                Defendants.

| RELMAN COLFAX PLLC | PITT McGEHEE PALMER & RIVERS PC |
|---|---|
| Joseph J. Wardenski | Robin B. Wagner |
| Sara Pratt | Attorney for Plaintiff |
| Attorney for Plaintiff | 117 West Fourth Street, Suite 200 |
| 1225 19th Street, NW, Suite 600 | Royal Oak, MI 48067 |
| Washington, DC 20036 | (248) 398-9800/(248) 268-7996 |
| (202) 728-728-1888/(202) 728-0848 – fax | rwagner@pittlawpc.com |
| jwardenski@relmanlaw.com | |
| spratt@relmanlaw.com | ROSATI SCHULTZ JOPPICH |
| | & AMTSBUECHLER, PC |
| DANE LAW PLLC | MATTHEW J. ZALEWSKI (P72207) |
| Stephen M. Dane | MELANIE M. HESANO (P82519) |
| Attorney for Plaintiff | Attorney for Defendants |
| 312 Louisiana Ave | 27555 Executive Drive, Suite 250 |
| Perrysburg, OH 43551 | Farmington Hills, MI 48331-3550 |
| (419) 873-1814 | (248) 489-4100 |
| sdane@fairhousinglaw.com | mzalewski@rsjalaw.com |

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO COMPEL DEFENDANTS' INSURANCE DOCUMENTS**

# ISSUES PRESENTED

**I.  WHETHER SELF-INSURANCE DOCUMENTS ARE REQUIRED TO BE PRODUCED PURSUANT TO FED. R. CIV. P. 26(a)?**

> Plaintiffs say, "Yes."
> Defendants say, "No."

**II. WHETHER PLAINTIFFS' REQUEST FOR DEFENDANTS' SELF-INSURANCE DOCUMENTS IS RELEVANT TO ANY CLAIM OR DEFENSE PURSUANT TO FED. R. CIV. P. 26(b)?**

> Plaintiffs say, "Yes."
> Defendants say, "No."

# INDEX OF AUTHORITIES

**Cases**

*American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132
 (S.D. Ohio 1999) ....................................................................................... 6

*Cessante v. City of Pontiac*, 2009 WL 973339 ..................................................... 4, 5

*Lowe v. Vadlamudi,* No. 08-10269, 2012 WL 3887177 ........................................... 5

*N.T. v. Children's Hosp. Med. Ctr.,* 2017 WL 5953432 ........................................... 6

*Reynolds v. Addis,* No. 18-13669, 2019 WL 9106142 ............................. 4, 5, 6, 7, 8

*Rockwell Med., Inc. v. Richmond Bros., Inc.*, 2017 WL 1361129 ............................ 3

*State Farm Mut. Auto Ins. Co. v. Pointe Physical Therapy, LLC*,
 255 F. Supp. 3d 700 ..................................................................................... 3

*Walker v. Eagle Press & Equipment Co., Ltd.,* 2007 WL 907268 ....................... 7, 8

**Statutes**

42 U.S.C. §§ 12131-12132 and 12203 ..................................................................... 7
42 U.S.C. §§ 3604 and 3617 ..................................................................................... 7
Mich. Comp. Laws §§ 37.1301-1303, 37.1501-1507 ............................................... 7

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................... 3, 4, 5, 6, 7

# **STATEMENT OF FACTS**

This dispute arises out of a special land use application for a sober living home that was submitted to the City of Howell by Plaintiffs Atsalakis and Amber Reineck House. In March 2018, Plaintiff Courtney Atsalakis purchased a residential home at 304 South Walnut in Howell, Michigan, allegedly with the intent to sell it to Plaintiff Amber Reineck House, a non-profit organization, for use as a sober home. At the time Plaintiff Atsalakis submitted an application for a special land use for the proposed sober home, the City's Zoning Ordinances did not include specific regulations for a use defined as a sober living home, but did provide regulations for comparable uses and a variance procedure by which disability-related accommodations from the Zoning Ordinance's residential housing regulations could be granted. Plaintiff Atsalakis withdrew her special land use application prior to the Planning Commission meeting at which it was scheduled to be considered.

Plaintiffs have not since submitted a proper renewed application. The City has since enacted a new ordinance that specifically addresses sober homes and streamlines the procedure for seeking special accommodation. Plaintiffs have not utilized these procedures in relation to the house at issue in this case, despite the fact that Plaintiff Atsalakis has since applied and been approved by the City to establish an sober living home under the Amber Reineck House name at another property in the City. Numerous City ordinances are relevant to Plaintiffs' direct interest in

establishing a sober house as well as their broader allegations that their proposed use is either being excluded from the City, or otherwise being treated differently from other group living arrangements.

Plaintiffs' Complaint challenges the City's past and present ordinances regulating proposed transitional housing uses. Plaintiffs claim disability discrimination and entitlement to a reasonable accommodation under the Fair Housing Act, Americans with Disabilities Act, and Michigan Persons with Disabilities Civil Rights Act. Plaintiffs seek relief including: 1) A declaratory judgment that the City's actions violate the FHA, ADA, and PDCRA; 2) preliminary and permanent injunctions against the enforcement of the ordinances at issue in this case, and against actions preventing Plaintiffs from opening the Amber Reineck House; 3) compensatory damages to each Plaintiff; 4) punitive damages; 5) attorney's fees and costs.

Through this motion, Plaintiffs seek disclosure of certain documents related to the City's membership in the Michigan Municipal Risk Management Authority ("MMRMA"). It is undisputed that City of Howell is a member of the MMRMA, which provides Defendants liability coverage regarding certain claims and damages. However, as will be explained in the argument below, the MMRMA is not the type of "insurance business" for which the Federal Rules of Civil Procedure require disclosure of coverage documents. Alternatively, Plaintiffs seek discovery of those

2

documents under a claim that they are relevant to the claims and defenses in this litigation, but Defendants dispute this assertion.

## **STANDARD OF REVIEW**

Fed. R. Civ. P. 26(b)(1) permits a party to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." A request for discovery should be considered to be seeking relevant information if the moving party may show any possibility that the information sought may be relevant to the claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In assessing proportionality as it relates to disputed discovery requests, the court should look to:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*State Farm Mut. Auto Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (quoting *Rockwell Med., Inc. v. Richmond Bros., Inc.*, 2017 WL 1361129, at *1 (E.D. Mich. 2017)) (quoting Fed. R. Civ. P. 26(b)(1)).

# ARGUMENT

## I. Defendants Are Not Required To Produce Self-Insurance Documents Pursuant to Fed. R. Civ. P. 26(a).

Defendant City of Howell is a member of the MMRMA. The MMRMA is a public entity self-insurance pool providing liability and property coverage to Michigan local governmental units Mich. Comp. Laws § 124.5. Mich. Comp. Laws § 124.6 expressly states "Any group self-insurance pool organized pursuant to section 5 is not an insurance company or insurer under the laws of this state…" Fed. R. Civ. P. 26(a) (1)(A)(iv) requires a party to make available for inspection and copying "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

The advisory notes following Fed. R. Civ. P. 26 (a) expressly acknowledge that the Rule's requirement to disclose insurance "applies only to persons carrying on an insurance business" and "does not cover the business concern that creates a reserve fund for purposes of self-insurance." Fed. R. Civ. P. 26 Advisory Committee Note to 1970 Amendment.

Plaintiffs attempt to apply *Cessante v. City of Pontiac*, 2009 WL 973339 (E.D. Mich. April 9, 2009), *see* Exhibit 1, to support their claim that they are entitled to self-insurance documentation. However, a comparble claim was rejected in *Reynolds v. Addis,* No. 18-13669, 2019 WL 9106142 (E.D. Mich. Oct. 23, 2019).

4

*See* Exhibit 2. There, the plaintiff argued that she was entitled to self-insurance documents under *Cessante v. City of Pontiac*, 2009 WL 973339 (E.D. Mich. April 9, 2009). That plaintiff argued that "the issue of self-insurance is governed by Rule 26(a)(1)(A)(iv) and there is a greater need for a plaintiff to understand the full extent of coverage and its conditions/limitations where . . . the claims involve death rather than personal injury." *Reynolds,* at *3. However, the court in *Reynolds* held that *Cessante* was unpersuasive because *Cessante* reached its holding without addressing the advisory note or the relevancy of the requested information to the claims and defenses asserted in that case. *Reynolds v. Addis,* No. 18-13669, 2019 WL 9106142 (E.D. Mich. Oct. 23, 2019).

Just as the court determined in *Reynolds,* consistent with the advisory notes to Fed. R. Civ. P. 26, the coverage from the City of Howell's self-insurance program, through the MMRMA, is not implicated by the initial disclosure requirements of Fed. R. Civ. P. 26(a) because this program is not treated as an insurance business pursuant to Mich. Comp. Laws § 124.6. As the MMRMA is not an insurance company, any and all coverage documents are not required to be produced pursuant to Fed. R. Civ. P. 26(a), and Plaintiffs' motion to compel disclosure must be denied.

**II.    Plaintiffs' Request For Defendants' Self-Insurance Documents is Irrelevant to any Claim or Defense Pursuant to Fed. R. Civ. P. 26(b).**

Under Fed. R. Civ. P. 26(b)(1), the burden of demonstrating relevance is on the party seeking discovery. *Lowe v. Vadlamudi,* No. 08-10269, 2012 WL 3887177, at

*2 (E.D. Mich. Sept. 7, 2012), *see* Exhibit 3; citing *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D.Ohio 1999). It has been held that self-insurance documentation remains beyond the reach of opposing litigants when they are not relevant to the claims and defenses in an action. *N.T. v. Children's Hosp. Med. Ctr.,* 2017 WL 5953432, at *3-4 (S.D. Ohio June 30, 2017), *see* Exhibit 4, (holding that self-insurance documentation was neither subject to automatic disclosure under Fed. R. Civ. P. 26(a)(1)(A)(iv) nor otherwise discoverable under Fed. R. Civ. P. 26(b)(1) where the opposing party failed to demonstrate that it was relevant to a claim or defense), citing *Reynolds v. Addis,* No. 18-13669, 2019 WL 9106142 (E.D. Mich. Oct. 23, 2019).

In *Reynolds,* plaintiff argued that she was entitled to self-insurance documents because self-insurance documents are relevant and required to be produced in excessive force claims. *Id.* at *3. She further argued that there is a greater need for a plaintiff to understand the full extent of coverage and its conditions/limitations where the claims involve death rather than personal injury. *Id.* The court in *Reynolds* held that plaintiff failed to demonstrate how self-insurance documentation is relevant to a claim or defense. *Id.* at *6. To the extent that the plaintiff attempted to establish relevance with reference to the initial disclosure requirements, the court rejected that argument in accordance with its finding that self-insurance documents are not requirement to be disclosed. *Id.,* at *3, 6.

Plaintiffs' Complaint alleges three counts: 1) violation of provisions of the Fair Housing Act, specifically 42 U.S.C. §§ 3604 and 3617; 2) violations of Titles II and V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12132 and 12203; and 3) violation of the Michigan Persons with Disabilities Civil Rights Act, specifically Mich. Comp. Laws §§ 37.1301-1303, 37.1501-1507. Plaintiffs have offered no information as to how self-insurance documents are relevant to any of the above claims. Here, the only grounds for production Plaintiffs offer is that the self-insurance coverage documents are relevant and necessary to understand Defendants ability to pay a judgement and evaluate settlement possibilities. Just as in *Reynolds,* Plaintiffs offers no argument or basis as to how the production of the self-insurance coverage documents are legally relevant to their "claim or defense," as required by Fed. R. Civ. P. 26(b)(1).

Plaintiffs unpersuasively cite *Walker v. Eagle Press & Equipment Co., Ltd.*, 2007 WL 907268, at *8 (E.D. Mich. Mar. 23, 2007), *see* Exhibit 5, noting that late disclosure of insurance information "may have prejudiced Plaintiff's bargaining position during settlement negotiations." In *Walker,* the plaintiff was severely injured while assisting his employer with the re-assembly of a mechanical press. *Id.,* at *1. Some insurance documents were previously produced. There is a greater need for a plaintiff to understand the full extent of coverage and its conditions and limitations when a claim involves a personal injury. The relief Plaintiffs' have

7

requested include: 1) A declaratory judgment that the City's actions violate the FHA, ADA, and PDCRA; 2) preliminary and permanent injunctions against the enforcement of the ordinances at issue in this case, and against actions preventing Plaintiffs from opening the Amber Reineck House; 3) compensatory damages to each Plaintiff; 4) punitive damages; 5) attorney's fees and costs. Unlike *Walker,* here the Plaintiffs have not suffered any type of personal injury, therefore, they have failed to show how coverage documents will allegedly prejudice their settlement negotiations. Just as in *Reynolds,* Plaintiffs have failed to show the relevance of the self-insurance documents to any claim or defense, and therefore, Plaintiffs' motion to compel disclosure should be denied.

## CONCLUSION

For the reasons stated above, these Defendants request this Court deny Plaintiffs' Motion to Compel Defendants' Insurance Documents.

          Respectfully submitted,
          ROSATI, SCHULTZ, JOPPICH
          & AMTSBUECHLER, P.C.

          /s/ Melanie M. Hesano
          Melanie M. Hesano (P82519)
          Attorney for Defendants
          27555 Executive Drive, Ste. 250
          Farmington Hills, MI 48331
          (248) 489-4100
          mhesano@rsjalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF eFiling system which will send notification of such filing to all parties of record.

/s/ Michelle D. Irick