**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMBER REINECK HOUSE,
COURTNEY ATSALAKIS, and
FAIR HOUSING CENTER OF
SOUTHEAST & MID MICHIGAN,
INC.,

Plaintiffs,

v.

CITY OF HOWELL, MICHIGAN,
NICK PROCTOR, individually and in his official capacity as Mayor of the City of Howell, Michigan, and
TIM SCHMITT, individually and in his official capacity as Community Development Director of the City of Howell, Michigan,

Defendants.

Case No. 2:20-cv-10203-PDB-RSW
Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

**PLAINTIFFS' REPLY IN SUPPORT OF RULE 37 MOTION TO COMPEL DEFENDANTS' INSURANCE DOCUMENTS**

## **TABLE OF CONTENTS**

**ISSUES PRESENTED**......................................................................................... iii

**TABLE OF AUTHORITIES** ...............................................................................iv

I. DEFENDANTS WRONGLY ANALYZE PLAINTIFFS' MOTION UNDER RULE 26(a)(1)(iv) ................................................................................1

II. DEFENDANTS FAILED TO REBUT PLAINTIFFS' SHOWING THAT THE MMRMA DOCUMENTS ARE DISCOVERABLE..............................................3

# **ISSUES PRESENTED**

**Whether Defendants are required to produce documentation of their insurance coverage, which may be liable for Plaintiffs' discrimination claims, in response to Plaintiffs' document request under Fed. R. Civ. P. 34?**

    Plaintiffs' Position: Yes

    Defendants' Position: No

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                          <u>Pages</u>

*Curtis v. Loether*, 415 U.S. 189 (1974) ..................................................................6

*Fair Hous. Advocates Ass'n, Inc. v. Terrace Plaza Apartments*, No. 2:03-CV-0563, 2006 WL 2334851 (S.D. Ohio Aug. 10, 2006) ......................................6

*Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389 (6th Cir. 1998)..................................3

*Meyer v. Holley*, 537 U.S. 280 (2003) ......................................................................6

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).........................................5

*Reynolds v. Addis*, No. 18-13669, 2019 WL 8106142 (E.D. Mich. Oct. 23, 2019) ................................................................................................................2, 4, 5

*Walker v. Eagle Press & Equip. Co.*, No. 03-72850, 2007 WL 907268 (E.D. Mich. Mar. 23, 2007) ........................................................................................................5

<u>Rules</u>                                                                                                          <u>Pages</u>

Fed. R. Civ. P. 4 ........................................................................................................2

Fed. R. Civ. P. 81 ......................................................................................................2

<u>Other Authorities</u>                                                                                     <u>Pages</u>

Fed. R. Civ. P. 26 Advisory committee's note to 1970 amendment .........................3

Fed. R. Civ. P. 26 Advisory committee's note to 2000 amendment .........................3

Defendants' arguments in response to Plaintiff's Motion to Compel are plainly insufficient to resist Plaintiffs' request for documentation of their liability coverage for Plaintiffs' claims under the Michigan Municipal Risk Management Authority ("MMRMA"). Much of Defendants' brief analyzes the MMRMA documents under the wrong Federal Rule and thus is nonresponsive. The remainder of Defendants' brief fails to reckon with Plaintiffs' specific articulations of the relevance of the MMRMA materials to this action, and especially to the resolution of this case. Plaintiffs' demonstration of the relevance of the MMRMA materials therefore stands unrebutted, and their Motion should be granted.[1]

## I. Defendants Wrongly Analyze Plaintiffs' Motion Under Rule 26(a)(1)(A)(iv)

The portion of Defendants' brief analyzing whether the MMRMA documents are subject to the automatic initial disclosure requirements of Rule 26(a)(1)(A)(iv) is nonresponsive to Plaintiffs' Motion, which seeks documents pursuant to a Rule

---

[1] Defendants' brief contains a section that is titled "Statement of Facts." It is both largely irrelevant to Plaintiffs' Motion and completely devoid of citations to either the pleadings or the discovery record in this case. ECF No. 28, PageID.327-328. Plaintiffs strongly dispute Defendants' characterization of the facts giving rise to their discrimination claims. The background relevant to the instant discovery matter, including the document request at issue and a declaration from counsel, are attached to Plaintiffs' Motion. *See* ECF No. 26 and attachments. Specifically, Defendants are withholding the MMRMA documents even though they do not dispute that the MMRMA provides "liability coverage" for Plaintiffs' claims. *See* ECF No. 26-3, PageID.319; ECF No. 28, PageID.328.

34 request. *Compare* ECF No. 26, PageID.287 (Plaintiffs' Motion to compel, stating that "[d]ocuments regarding the City of Howell's MMRMA insurance coverage are relevant and should be produced in response to Plaintiffs' specific request for production under Rule 34."); *with* ECF No. 28, PageID.330-331 (Defendants' brief in opposition, arguing that MMRMA self-insurance materials are "not implicated by the initial disclosure requirements of Rule 26(a)"). Whether Defendants are required to produce the MMRMA documents as part of their initial disclosures is not determinative of whether they are discoverable pursuant to an independent Rule 34 request for production. For this reason, Defendants' reliance on *Reynolds v. Addis*, No. 18-13669, 2019 WL 8106142, at *6 (E.D. Mich. Oct. 23, 2019), which focuses on the initial disclosure provisions in Rule 26(a)(1)(A)(iv), sheds little light on the Rule 34 dispute at issue.[2]

That said, as Plaintiffs noted in their Motion, the policy rationale that undergirds the inclusion of insurance documents in the Rule 26(a)(1) initial disclosures applies with equal force to Plaintiffs' Rule 34 request. *See* ECF No. 26

---

[2] Although Plaintiffs' Motion pertains to a Rule 34 request, not Rule 26(a)(1)(A)(iv), it bears noting that Defendants' Rule 26 arguments lack merit. First, the Advisory Committee note on which Defendants rely focuses on an entity's creation of its own "reserve fund," rather than a contract with a third-party insurer like the MMRMA. Second, there is no basis to constrict the purposefully broad scope of federal discovery based on a state law definition of "insurance business." Where the Federal Rules incorporate state law, they do so expressly, *see, e.g.*, Fed. R. Civ. P. 4(n); Fed. R. Civ. P. 81(d), and Rule 26(a)(1) is noticeably silent as to state law.

2

at PageID.287. As the Advisory Committee explained, disclosure of insurance documentation not only levels the playing field in terms of the parties' abilities to make "realistic appraisal[s] of the case," but also is "conduc[ive] to settlement and avoid[s] protracted litigation." Fed. R. Civ. P. 26 advisory committee's note to 1970 Amendment. Indeed, insurance documents are so important that even where a case is generally excused from the initial disclosure requirements, "the insurance information described by subparagraph [(iv)] should be subject to discovery." Fed. R. Civ. P. 26 advisory committee's note to 2000 Amendment. Although Defendants devote an entire section of their brief to the automatic disclosure provisions of Rule 26, they fail to address Plaintiffs' argument that the central purpose of Rule 26(a)(1)(A)(iv) strongly favors production of the MMRMA materials, even if the Rule does not specifically address municipal insurance pools.

II. **Defendants Failed to Rebut Plaintiffs' Showing That the MMRMA Documents Are Discoverable**

The portion of Defendants' brief that actually addresses Plaintiffs' Rule 34 request for MMRMA documentation fares no better. Defendants ignore Plaintiffs' specific arguments and instead offer only boilerplate refrains about the lack of relevance. But "[r]elevance for discovery purposes is extremely broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Defendants' conclusory assertions are insufficient to defeat Plaintiffs' particularized relevance arguments.

3

Defendants contend that "Plaintiffs offers [sic] no argument or basis as to how the production of the self-insurance coverage documents are legally relevant." ECF No. 28, PageID.333. This is not so. Plaintiffs articulated concrete reasons for seeking the MMRMA documents in this case—namely, that the MMRMA coverage may be liable for Plaintiffs' claims, a point that Defendants do not contest. Plaintiffs also explained that the MMRMA documents will bear on case valuation, settlement, and Defendants' resources to litigate and pay a judgment in this case. *See* ECF No. 26, PageID.287-288. Again, Defendants did not even address, let alone dispute, these points about the importance of the MMRMA documents in this lawsuit. In addition, Plaintiffs provided examples of the key role of MMRMA coverage, the same coverage at issue here, in civil rights suits against municipalities, like this discrimination case against the City of Howell. *See* ECF No. 26, PageID.288-289. Yet again, Defendants neither disputed nor responded to these examples. Perhaps because of this baseline relevance, the same law firm that represents Defendants here has produced MMRMA documents in other cases, even though they inexplicably refuse to do so in this case. *See* Ex. 1 (Affidavit of R. Wagner).

Instead of grappling with Plaintiffs' express explanations of the relevance of the MMRMA materials, Defendants focus on inapposite cases. For example, Defendants again invoke *Reynolds*, even though that case's holding primarily concerned automatic disclosure under Rule 26(a)(1)(A)(iv), which is not at issue.

4

*See* ECF No. 28, PageID.332 (citing *Reynolds*, 2019 WL 8106142, at *3, *6). What is more, the relevance arguments advanced by the plaintiff in *Reynolds* in pursuit of Rule 26(a)(1)(A)(iv) disclosure are both completely different from and wholly inapplicable to this case. *See* 2019 WL 8106142 at *3 (describing plaintiff's position that insurance coverage is inherently relevant in excessive force cases involving death). *Reynolds* did not discuss or even mention the relevance arguments that Plaintiffs advance here, namely, the utility of insurance coverage materials for case valuation or determination of a defendant's ability to pay a judgment. *Id.* at *6.

Defendants appear to take the position that because the MMRMA documents do not go to the merits of Plaintiffs' discrimination claims, they are not discoverable. *See* ECF No. 28, PageID.333 (listing the statutes under which Plaintiffs' claims arise and positing that the MMRMA documents are not "legally relevant"). But discovery "is designed to help define and clarify the issues" and covers a "variety of fact-oriented issues [that] may arise during litigation that are not related to the merits," and therefore is not "limited to the merits of a case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Finally, Defendants contend—without any authority—that "there is a greater need" for insurance information "when a claim involves a personal injury" and that Plaintiffs here "have not suffered any type of personal injury." ECF No. 28 at

5

PageID.333-334.[3] To the contrary, the Supreme Court "has noted that an action brought for compensation by a victim of housing discrimination is, in effect, a tort action." *Meyer v. Holley*, 537 U.S. 280, 285 (2003); *see also Curtis v. Loether*, 415 U.S. 189, 195-196 (1974) (same). Here, although Defendants fail to include this in their recitation of Plaintiffs' requests for relief, Plaintiff Atsalakis seeks damages for "humiliation and embarrassment, emotional distress, and reputational harm, resulting from Defendants' unlawful and discriminatory conduct." ECF No. 14, PageID.177.

Given that Plaintiffs' discrimination claims sound in tort and that they seek damages for individualized injuries, Defendants seemingly assert that the lack of *physical injury* somehow obviates the need to understand the scope of insurance coverage. But the Federal Rules do not limit discovery of insurance documents to claims arising from physical harm, and Plaintiffs can find no case supporting this contention. Moreover, as shown by the examples Plaintiffs identified, the MMRMA itself regularly covers and participates in the resolution of civil rights cases even

---

[3] This unsupported assertion arises just after Defendants' discussion of *Walker v. Eagle Press & Equip. Co.*, No. 03-72850, 2007 WL 907268, at *8 (E.D. Mich. Mar. 23, 2007). As Defendants explicitly acknowledge, in *Walker* the defendant produced some but not all insurance documents, *see* ECF No. 28, PageID.333, and the court noted that even this partial withholding created the risk of prejudice to the plaintiff's bargaining position, 2007 WL 907268, at *8. If partial production risks prejudice, there is no question that Defendants' complete refusal to produce MMRMA materials disadvantages Plaintiffs.

6

absent physical injury. *See* ECF No. 26, PageID.289 (citing a First Amendment case in which the MMRMA paid a municipal settlement in a case without any bodily harm); *see also, e.g.*, *Fair Hous. Advocates Ass'n, Inc. v. Terrace Plaza Apartments*, No. 2:03-CV-0563, 2006 WL 2334851 (S.D. Ohio Aug. 10, 2006) (familial status discrimination case holding that an insurance policy with "personal injury extension coverage" that "include[d] discrimination and humiliation within the definition of personal injury" also covered the insured's attorneys' fees).

In sum, Defendants' baseless assertions and hollow refrains do not meaningfully respond to, and thus cannot overcome, Plaintiffs' specific articulations of the relevance of the MMRMA documents.

\*\*\*

Defendants offer no objection other than relevance; they do not claim burden or privilege with the respect to the MMRMA documents. But Plaintiffs have demonstrated that the MMRMA documents will bear on the resolution of this action and Defendants' ability to pay a settlement or judgment, a critical point that Defendants have neither disputed nor rebutted. The MMRMA documents are therefore relevant and discoverable and must be produced. Accordingly, the Court should grant Plaintiffs' Motion and order Defendants to produce the MMRMA coverage documents.

7

Dated: February 18, 2021

                                 Respectfully Submitted,

                                 /s/ Lila Miller
                                 Lila Miller
                                 Sara Pratt
                                 Glenn Schlactus
                                 RELMAN COLFAX PLLC
                                 1225 19th Street, NW, Suite 600
                                 Washington, DC 20036
                                 (202) 728-1888 (phone)
                                 (202) 728-0848 (fax)
                                 lmiller@relmanlaw.com
                                 spratt@relmanlaw.com
                                 gschlactus@relmanlaw.com

                                 Stephen M. Dane
                                 DANE LAW LLC
                                 312 Louisiana Ave.
                                 Perrysburg, OH 43551
                                 (419) 873-1814
                                 sdane@fairhousinglaw.com

                                 Robin B. Wagner
                                 PITT MCGEHEE PALMER & RIVERS PC
                                 117 West Fourth Street, Suite 200
                                 Royal Oak, Michigan 48067
                                 (248) 398-9800 (phone)
                                 248-268-7996 (fax)
                                 rwagner@pittlawpc.com

                                 *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2021 a true and correct copy of the foregoing Plaintiff's Reply in Support of Plaintiffs' Rule 37 Motion to Compel was filed and served electronically on all counsel of record using the Court's CM/ECF system.

/s/ Lila Miller
Lila Miller

9