UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER REINECK HOUSE,
COURTNEY ATSALAKIS, and
FAIR HOUSING CENTER OF
SOUTHEAST & MID MICHIGAN,
INC.,

        Plaintiffs,

v.

CITY OF HOWELL, MICHIGAN,
NICK PROCTOR, individually and in
his official capacity as Mayor of the
City of Howell, Michigan, and
TIM SCHMITT, individually and in his
official capacity as Community
Development Director of the City of
Howell, Michigan,

        Defendants.

Case No. 2:20-cv-10203-PDB-RSW
Judge Paul D. Borman
Magistrate Judge Curtis Ivy, Jr.

**PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION ON MOTIONS TO EXCLUDE EXPERTS**

    For the reasons set forth in the brief below, Plaintiffs Amber Reineck House, Courtney Atsalakis, and Fair Housing Center of Southeast & Mid Michigan, Inc. hereby move to strike Defendants' Objections (ECF No. 70) to the Report and Recommendation issued by Judge Ivy regarding the parties' motions to exclude experts.

1

In accordance with LR 7.1(a), Plaintiffs conferred with Defendants via email to determine whether this motion will be opposed. Concurrence was not obtained from Defendants; Defendants assert that the requirements of LR 7.1 that form the basis for this motion do not apply. *See* Ex. 1.

## **STATEMENT OF ISSUES PRESENTED**

Whether Defendants' 57-page Objections (ECF No. 70) to Judge Ivy's Report and Recommendation on Motions to Exclude Experts (ECF No. 69) should be struck due to failure to comply with the 25-page limit and other requirements applicable pursuant to Local Rules 7.1 and 72.1?

    Plaintiffs say:    Yes

    Defendants say:    No

## **STATEMENT OF CONTROLLING AUTHORITY**

Pursuant to Local Rule 7.1(d)(2), Plaintiff states that the following authorities are the controlling or most appropriate authorities for the relief requested by this motion:

E.D. Mich. LR. 7.1(d)

E.D. Mich. LR. 72.1(d)(5)

## **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**

Plaintiffs Amber Reineck House, Courtney Atsalakis, and Fair Housing Center of Southeast & Mid Michigan, Inc. hereby move to strike Defendants' Objections to the Report and Recommendation issued by Judge Ivy regarding the parties' motions to exclude experts. ECF Nos. 69 ("R&R"), 70 ("Objections"). Most significantly, the 57-page Objections violates the 25-page limit set forth in the Eastern District of Michigan's Local Rules.

The underlying motions on the exclusion of expert testimony were referred by Judge Borman to Magistrate Judge Ivy for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* ECF No. 50. Judge Ivy issued the R&R on September 29, 2021. Defendants filed objections. Plaintiffs did not.

LR 72.1 expressly applies to referrals under 28 U.S.C. § 636. *See* LR 72.1(a)(1). Accordingly, Judge Ivy specifically cited LR 72.1(d) at the end of the R&R where he addressed the procedures for filing objections. LR 72.1(d)(5) states that "LR 7.1 governs the form of objections, responses, and replies." LR 7.1(d)(3)(A), in turn, states that a brief "may not exceed 25 pages," and that "[a] person seeking to file a longer brief may apply *ex parte* in writing setting forth the reasons."

Defendants 57-page brief is in excess of the 25-page limit, by a large margin. Defendants did not apply for permission to file a longer brief. Defendants never

sought Plaintiffs' consent to such an application or in any manner raised the prospect of, or a rationale for, a longer brief. Nor could Defendants justify such a large increase even if they had attempted to do so.

The Objections also violate LR 7.1(d)(2). That rule requires "at the beginning, [] a concise statement of the issues presented and, on the following page, the controlling or most appropriate authority for the relief sought." These are not included in the Objections. Defendants' Objections are in clear violation of these requirements, as well as the page limit.

Because of these violations of LR 7.1, made applicable by LR 72.1(d), the Objections should be struck. This relief is necessary to avoid imposing unreasonable costs on Plaintiffs by requiring them to address such an overly voluminous filing. It is also needed to avoid substantial inefficiency for the Court and to promote adherence to the Court's rules, which Defendants have blatantly violated.

Defendants' assert that the R&R dispensed with the 25-page limit. *See* Ex. 1 (email exchange between counsel). That position is contrary to the R&R which, as noted above, specifically cites LR 72.1(d) which in turn states that LR 7.1 applies. The R&R did not dispense with the page limit or leave Defendants to file a brief of any length of their choosing.

In the alternative, Plaintiffs request 14 days from the date of the decision on this Motion to Strike to file a response no longer than Defendants' Objections.

In addition, should the Court not strike the Objections, Plaintiffs request relief from Judge Ivy's requirement that Plaintiffs' response "address each issue raised in the objections, in the same order, and labeled as 'Response to Objection No. 1,' 'Response to Objection No. 2,' etc." ECF No. 69 at PageID.8580.[1] Defendants atomized their disagreement with Judge Ivy into an unusually large number of objections—nineteen—with frequently overlapping content and asserted incorporations of one objection into another. Requiring Plaintiffs to follow Defendants' structure would be prejudicial because it would prevent Plaintiffs from providing the Court with a clear, direct, and well-organized explanation of why Defendants' challenge to Judge Ivy's analysis and disposition of the underlying motions should be rejected. If required to file a response, Plaintiffs should be permitted to identify the central contentions animating the nineteen objections and refute them based on substance, instead of based on Defendants' scattered presentation. Judge Ivy's requirement surely is sound in most cases, but Defendants have presented their Objections in an atypical manner.

## CONCLUSION

Plaintiffs respectfully move the Court to strike Defendants' Objections to Report and Recommendation on Motions to Exclude Experts (ECF No. 70) for failure to comply with Local Rules 7.1 and 72.1.

---

[1] This requirement is not in the local or federal rules.

Should the Court not strike the Objections, Plaintiffs request 14 days from the date of the Court's decision on this motion to file a response of up to equal length, without following Defendants' nineteen-objection format.

Dated: October 18, 2021

        Respectfully Submitted,

        <u>/s/ Glenn Schlactus</u>
        Glenn Schlactus
        Lila Miller
        Sara Pratt
        RELMAN COLFAX PLLC
        1225 19th Street, NW, Suite 600
        Washington, DC 20036
        (202) 728-1888 (phone)
        (202) 728-0848 (fax)
        gschlactus@relmanlaw.com
        lmiller@relmanlaw.com
        spratt@relmanlaw.com

        Stephen M. Dane
        DANE LAW LLC
        312 Louisiana Ave.
        Perrysburg, OH 43551
        (419) 873-1814
        sdane@fairhousinglaw.com

        Robin B. Wagner
        PITT MCGEHEE PALMER & RIVERS PC
        117 West Fourth Street, Suite 200
        Royal Oak, Michigan 48067
        (248) 398-9800 (phone)
        248-268-7996 (fax)
        rwagner@pittlawpc.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, a true and correct copy of the foregoing Plaintiffs' Motion to Strike Defendants' Objections to Report and Recommendation on Motions to Exclude Experts was filed and served electronically on all counsel of record using the Court's CM/ECF system.

/s/ Glenn Schlactus<br>Glenn Schlactus