UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER REINECK HOUSE, ET AL.,

      Plaintiffs,

v.

CITY OF HOWELL, MICHIGAN,
ET AL.,

      Defendants.

Case No. 20-cv-10203

Paul D. Borman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER
1) FINDING THAT THE COURT WILL REVIEW THE CONTESTED
PORTIONS OF MAGISTRATE JUDGE IVY'S REPORT AND
RECOMMENDATION (ECF No. 69) *DE NOVO*;
2) REQUIRING DEFENDANTS TO COMPLY WITH FEDERAL RULE OF
CIVIL PROCEDURE 72(b)(2); AND
3) BIFURCATING THE LIABLITY AND DAMAGES PHASES OF THIS
CASE**

**I. THE COURT WILL REVIEW THE CONTESTED PORTIONS OF MAGISTRATE JUDGE IVY'S REPORT AND RECOMMENDATION (ECF No. 69) *DE NOVO*.**

On June 17, 2021, this Court referred a set of motions to exclude experts—ECF Nos. 42, 43, 45, 46, 47, and 49—to Magistrate Judge Curtis Ivy Jr. "for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 50, PageID 7229.) On September 14, 2021, after those motions were fully briefed, Judge Ivy held a hearing on them. Fifteen days later, he issued his Report and Recommendation ("R&R"). (ECF No. 69.)

1

Defendants filed Objections to the R&R on October 13th (ECF No. 70), Plaintiffs responded to these objections on November 3rd (ECF No. 75), and Defendants replied to that Response on November 10th (ECF No. 76).

28 U.S.C. § 636 governs the jurisdiction and powers of magistrate judges, and the Court's review of their contributions. In particular, 28 U.S.C. § 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

And § 636(b)(1)(B) and (C) continue:

> [A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of any applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement . . . . A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

Here, the Court referred the motions to exclude experts to Judge Ivy "for a[n] [R&R] pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 50.) Generally, following

a referral under that provision, the Court would automatically review the portions of the R&R to which Defendants object *de novo*.

But Plaintiffs point out that motions to exclude experts are not excepted from § 636(b)(1)(A), nor are they applications of posttrial relief or prisoner petitions. (ECF No. 75, Response to Objections, PageID 8722–23.) Therefore, Plaintiffs argue that the Court should have referred the motions for an Order pursuant to § 636(b)(1)(A) and should now review the R&R under that provision's "clearly erroneous or contrary to law" standard.[1] (ECF No. 75, PageID 8722–24.)

However, the few Sixth Circuit cases that address this issue agree that courts can refer a motion of a type not identified in § 636(b)(1)(B) to a magistrate judge for an R&R, to be reviewed *de novo*, rather than for an Order, to be reviewed for clear error or contradiction of law. In *Homico*, the Sixth Circuit held that a motion for sanctions could not be referred for an R&R under § 636(b)(1)(A) nor (B), but could be so "referred under section § 636(b)(3), which provides: 'A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.'" *Homico Const. & Dev. Co. v. Ti-Bert Sys., Inc.*, 939 F.2d 392, 394 n.1 (6th Cir. 1991). Twelve years later, in *Sutton*, an unpublished case, the

---

[1] Defendants do not reply to this argument. (ECF No. 76, Reply to Response to Objections.) When they initially filed their Objections, they invoked both the *de novo* and "clearly erroneous or contrary to law" standards. (ECF No. 70, Objections to R&R, PageID 8582.)

Circuit decided the same issue the same way. *Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 120 (6th Cir. 2003). Elaborating on *Homico*, the Circuit Court explained: "Because the district court could have designated the magistrate judge to *determine* the sanctions motion under subparagraph (A) [of § 636(b)(1)], the district court, under the syllogism of the greater power including the lesser power, could properly designate the magistrate to make a non-binding recommendation on that motion." *Id.*; *see also Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) ("[I]n some circumstances it is within the district court's discretion to conduct higher level review of a magistrate judge's analysis of a nondispositive issue."); *Quatama Park Townhomes Owners Ass'n v. RBC Real Est. Fin., Inc.*, 365 F. Supp. 3d 1129, 1133 (D. Or. 2019) ("'That certain case dispositive matters must always be referred for recommendations rather than determination does not mandate the converse . . . . [L]egislative history [shows] that the purpose of the Act's referral and review provisions is to define the limits of the powers which a court may allow a magistrate to exercise, not to restrict the ultimate authority of an Article III court over a case pending before it.'" (quoting *Delco Wire & Cable, Inc. v. Weinberger*, 109 F.R.D. 680, 685 (E.D. Pa. 1986))); 2 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY, Rule 72 ("While Rule 72(a) and § 636(b)(1)(A) both speak in terms of referring a nondispositive matter for determination, the prevailing view is that the district judge may choose instead to refer a nondispositive matter for a

4

recommendation only. In that situation, the district judge remains the decisionmaker and objections are reviewed de novo." (internal citation omitted)). *But see Patton v. Johnson*, 915 F.3d 827, 832–33 (1st Cir. 2019) ("[A] motion to compel arbitration is a non-dispositive motion. Accordingly, an order, not a recommended decision, would have been the appropriate vehicle for the magistrate judge's findings and conclusions." (internal citation omitted)).

Thus, it was permissible for the Court to refer these motions to Judge Ivy for an R&R.[2] While the Court should have made such referral under § 636(b)(1)(C) rather than § 636(b)(1)(B), this error was harmless. Both parties and Judge Ivy have followed the Court's R&R procedures, and both parties recognized the possibility of a *de novo* review of the contested portions of the R&R. (ECF No. 70, Objections to R&R, PageID 8582; ECF No. 75, Response to Objections, PageID 8724.)

The Court will proceed as if it had made the referral under § 636(b)(1)(C) and review the portions of the R&R to which Defendants object *de novo*.

---

[2] Federal Rule of Civil Procedure 72, which tracks 28 U.S.C. § 636(b)(1), does not affect this result, because it does not address the situation at issue here. Rule 72(b) concerns dispositive motions and prisoner petitions, not motions to exclude experts. *See RMed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 CIV. 5587, 2000 WL 420548, at *2 n.1 (S.D.N.Y. Apr. 18, 2000) ("A decision to admit or exclude expert testimony is considered 'nondispositive' of the litigation."). And Rule 72(a) concerns "pretrial matter[s] not dispositive of a party's claim or defense [that are] referred to a magistrate judge to hear *and decide*," (emphasis added), not matters referred for a mere recommendation.

## II. THE COURT ORDERS DEFENDANTS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 72(b)(2).

Federal Rule of Civil Procedure 72(b)(2) provides:

> Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. *Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.*

(emphasis added); *see also* E.D. Mich. L. R. 72.1(d) ("*LR 72.1(d) conforms procedures for the filing of objection to a Magistrate judge's order or report and recommendation to the provisions of Fed. R. Civ. P. 72* and provides that the form and time limits for the filing of responses to objections are to be governed by LR 7.1." (emphasis added)); (ECF No. 69, R&R, PageID 8579–8580) (citing Fed. R. Civ. P. 72(b)(2)).

As far as the record shows, neither the Court, the parties, nor Judge Ivy have agreed to relieve Defendants of the obligation to arrange for transcription of the September 14, 2021 hearing before Judge Ivy. And, although Defendants' Objections mostly focus on the text of the R&R, the expert deposition transcripts, and the expert exclusion motions, the R&R does mention the hearing three times, and Defendants' Objections and Reply in support thereof invoke the hearing at least four times. *See* (ECF No. 69, R&R, PageID 8539, 8549); (ECF No. 70, Objections

to R&R, PageID 8618) ("[A]s pointed out in Defendants' motion and *argument at the hearing*, Connolly's specific experience in urban planning is limited." (emphasis added)); (ECF No. 70, PageID 8629) ("Defendants spent significant time in briefing *and at the hearing* asserting that Connolly's conclusions are nothing but the opinions of a lawyer and legal conclusions." (emphasis added)); (ECF No. 70, PageID 8637) ("For these reasons and those stated in their briefing *and oral argument* on each of the expert motions, Defendants respectfully request that this Honorable Court sustain their objections . . . ." (emphasis added)); (ECF No. 76, Reply to Response to Objections to R&R, PageID 8884) ("Defendants expressly referenced the significant time discussing the issue in briefing, generally, *and* at the hearing." (emphasis original)).

Moreover, the Sixth Circuit has held that pre-R&R-hearing transcripts are essential for *de novo* review in at least some circumstances. For example, in *Hill*, the Circuit Court stated: "Objections based on the magistrate's treatment of the [] evidence could not be properly reviewed even under the clearly erroneous standard without a review of the record. The court must review at least those portions of the transcript [of a hearing before the magistrate] which are relevant to the particular findings that are under attack." *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981); *see also Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995) ("In conducting de novo review, the district court must, at a minimum, listen to a tape recording or

7

read a transcript of the evidentiary hearing." (internal quotation marks, alteration, and citation omitted)).

Therefore, the Court **ORDERS** Defendants to comply with the above-emphasized portion of Federal Rule of Civil Procedure 72(b)(2) within 14 days. Defendants may contact Court Reporter Rene Twedt at twedt@transcriptorders.com or 313-234-2613 to order a transcript of the hearing before Judge Ivy. Defendants may file for an extension of time to comply with this Order if the Court Reporter needs more time.

Further, the Court **ORDERS** Defendants to state which pages of the hearing transcript are relevant to its objections to the R&R, and to highlight the relevant portion(s) of those pages.

### III. THE COURT BIFURCATES THE LIABLITY AND DAMAGES PHASES OF THIS CASE.

Finally, the Court **ORDERS** bifurcation of the liability and damages phases of this case. Accordingly, the Court notes that it will not address the R&R's recommendations regarding Plaintiffs' claims for damages, unless Defendants are first found liable under the Complaint.

**IT IS SO ORDERED.**

                                                s/Paul D. Borman
                                                Paul D. Borman
Dated: January 31, 2022              United States District Judge